IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MICHAEL BENTON )
 )
    v. ) NO. 1:10-0106
 )
ROBERT STORY )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered November 10, 2010 (Docket Entry No. 8), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pursuant to the Order entered March 24, 2011 (Docket Entry No. 36), an evidentiary hearing was held in this action on October 12, 2011. Set out below are the Court's findings and recommendation for disposition of the action.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). On October 15, 2010, he filed this action pro se and in forma pauperis against Robert Story and Justin Jackson, both of whom are TDOC correctional officers who work at the Turney Center Industrial Prison and Farm ("Turney

Center"). The plaintiff sues the defendants in their individual and official capacities and seeks damages under 42 U.S.C. § 1983 for alleged violations of his federal civil rights.

On August 27, 2010, the plaintiff was confined at the Turney Center and was awaiting transport to the Charles Bass Correctional Complex ("CBCC") for an appearance at a state court hearing. He alleges that after he refused an order from a correctional officer to change his pants prior to being transported, he and Cpl. Robert Story got into a verbal altercation about the matter and that Story then gave the plaintiff a pair of size 32 jeans and told him to put them on. The plaintiff alleges that Story knew the pants were too small and intended to humiliate the plaintiff by forcing him to wear pants that were too tight. The plaintiff refused to put on the jeans.

The plaintiff alleges that Story then came into the holding cell, hit the plaintiff in the face, and tried to slam him to the floor. The plaintiff contends that Story called for backup officers and that Defendant Jackson came to assist Story. The plaintiff alleges that he was repeatedly kicked and punched by Story and Jackson and called a "stupid nigger" after being handcuffed and while his jeans were pulled off of him by the officers. He alleges that the size 32 jeans would not fit him and he was eventually put into a pair of size 36 jeans. He contends that he suffered injuries to his ribs, chest, and face but that medical staff at both the Turney Center and CBCC refused to take pictures of his injuries.

By the order of referral, process was ordered to issue to the defendants on the plaintiff's constitutional claims. The defendants filed an answer (Docket Entry No. 24) and a scheduling order (Docket Entry No. 25), and amended scheduling order (Docket Entry No. 36 ) were entered in the action to facilitate pre-trial activity. No dispositive motions were filed by the defendants, and there are no motions currently pending before the Court.

2

## II. CONCLUSIONS

This action should be dismissed because of the plaintiff's failure to comply with the administrative exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Section 1997e(a) of the PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999).

In their pre-hearing statement (Docket Entry No. 50) and at the evidentiary hearing, the defendants raised and argued the defense of failure to exhaust administrative remedies.[1] The plaintiff testified at the evidentiary hearing that he had not filed a grievance about the matter. He testified that he believed that he could not file a grievance at the CBCC about an incident that occurred at the Turney Center and that it was too late to file a grievance upon his return to the Turney Center because TDOC policy requires a grievance to be filed within seven days of an incident and more than seven

---

[1] This affirmative defense was included in the defendants' answer, see Docket Entry No. 24, at 2, and was thus preserved by them and not waived despite not being raised in a motion prior to the evidentiary hearing. See Johnson v. Rowley, 569 F.3d 40, 45 (2nd Cir. 2009); Griffin v. Lockett, 344 Fed. Appx. 722, 2009 WL 2768982 (3rd Cir. Sept. 2, 2009).

3

days had passed since the incident with the defendants. Defendant Story testified that, under TDOC policy, the plaintiff could have filed a prison grievance while he was at the CBCC about the incident which occurred at the Turney Center.

It is well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier v. Laurel Cnty., Ky., 636 F.3d 218, 222 (6th Cir. 2011); Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The plaintiff not only failed to show his compliance with the exhaustion requirement, he also admitted that he did not file a grievance. In such a situation, the law in the Sixth Circuit is that "an inmate does not exhaust available administrative remedies when the inmate entirely fails to invoke the prison's grievance procedure." Thomas, 337 F.3d at 726 (citing Hartsfield, 199 F.3d at 308–09). In the face of the plaintiff's admitted failure to take any affirmative action to pursue an administrative grievance, his stated reasons for not pursuing a prison grievance are purely subjective on his part and fail to excuse his non-compliance with the exhaustion requirement. Napier, supra. Accordingly, this action should be dismissed for failure to exhaust and without consideration of the merits of the plaintiff's underlying claims.

4

## RECOMMENDATION

Based on the foregoing, the Court recommends that this action be DISMISSED WITHOUT PREJUDICE because of the plaintiff's failure to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a) prior to filing this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _/s/ Juliet Griffin_
    JULIET GRIFFIN
    United States Magistrate Judge